1
2
3
4
5

JACKSON & ODEN, P.C.
3573 East Sunrise Drive, Suite 125
Tucson, Arizona 85718
Telephone:  (520) 884-0024
Fax:  (520) 884-0025
TODD JACKSON ASB NO. 012202
TJACKSON@JACKSONODENLAW.COM
REBECCA REED ASB NO. 023419
RREED@JACKSONODENLAW.COM

6
7
8

SWEETNAM LLC
582 Oakwood Avenue, Suite 200
Lake Forest, Illinois  60045
Telephone:  (847) 559-9040
Fax:  (847) 235-6618
WILLIAM  M. SWEETNAM (*pending admission pro hac vice*)
WMS@SWEETNAMLLC.COM

9
10

**Attorneys for Plaintiff Michael P. Huyge
and the Proposed Class**

11

12

## UNITED STATES DISTRICT COURT

13

## DISTRICT OF ARIZONA

| | |
|---|---|
| 14  MICHAEL P. HUYGE, individually and on behalf of all others similarly situated,  15 | No. |
| 16              Plaintiffs, | **CLASS ACTION COMPLAINT** |
| 17  vs. | **JURY TRIAL DEMANDED** |
| 18  GOLD'S GYM INTERNATIONAL, INC. and 19  FITNESS ALLIANCE, LLC, | |
| 20              Defendants. | |

21
22
23
24
25
26
27
28

          Plaintiff, Michael P. Huyge ("Plaintiff"), individually and on behalf of all others similarly situated, through his undersigned counsel, complains against Defendants, Gold's Gym International, Inc. and Fitness Alliance, LLC (collectively, "Defendants"), as follows based upon the investigation of his counsel and otherwise upon information and belief, except as to allegations specifically pertaining to himself, which are based upon his personal knowledge:

## I. NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the actions of Defendants in negligently, knowingly, and/or willfully placing calls to Plaintiff's and other class members' cellular telephones using an automatic telephone dialing system ("ATDS") (*i.e.*, "robocalls") without their prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this is a civil action arising under the laws of the United States.

3. Personal jurisdiction over Defendants is proper under 16 A.R.S. R.Civ.Proc., Rule 4.2(a) insofar as such jurisdiction is permitted by the Constitution of the State of Arizona and the Constitution of the United States. Specifically, Defendants have done business or caused an event to occur in this state, as alleged herein, out of which Plaintiff's claims arise, and exercise of personal jurisdiction over Defendants is consistent with requirements of due process clause of the Fourteenth Amendment.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because a substantial part of the events giving rise to the claim occurred in this District including, *inter alia*, the placing of the robocalls that are the subject of this complaint to Plaintiff and other class members located in this District.

## III. PARTIES

5. Plaintiff, Michael P. Huyge, is a natural person residing in Scottsdale, Arizona. Plaintiff is the primary user of the cellular telephone to which Defendants

placed at least one call using an ATDS without his express consent.  Plaintiff is a member of the class defined herein.

6.      Defendant, Gold's Gym International, Inc. ("Gold's Gym"), is a corporation organized under the laws of Delaware with its principal place of business in Irving, Texas. Gold's Gym placed robocalls to Plaintiff and other class members in violation of the TCPA, as alleged herein.

7.      Defendant, Fitness Alliance, LLC ("Fitness Alliance"), is a limited liability company organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona.   Fitness Alliance placed robocalls to Plaintiff and other class members in violation of the TCPA, as alleged herein.

## IV.     FACTUAL BACKGROUND

8.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, in response to a growing number of consumer complaints regarding certain telemarketing practices including, *inter alia*, telemarketing calls made automatically.

9.      The TCPA regulates, among other things, the use of automatic telephone dialing equipment, or "autodialers."   Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make a call to any wireless number in the absence of an emergency or the prior express consent of the called party.

10.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automatic telephone calls are a greater nuisance and invasion of privacy than unique, individually placed calls, and such

calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11.     In recent years, businesses have increasingly looked to technologies through which to place calls in large volume at low cost.  Using a predictive dialer, or ATDS, computer software enables the caller to dial a list of telephone numbers and connects answered dials to people making calls, often referred to as agents.  Predictive dialers use statistical algorithms to minimize the time that agents spend waiting between conversations, while minimizing the occurrence of someone answering when no agent is available.  This provides savings and efficiency to the caller but annoyance to the user of the cellular phone to which such calls are placed.

12.     Unlike calls placed to wirelines, calls made to wireless numbers can actually cost its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each call they receive or incur an usage allocation deduction to their calling plan, regardless of whether or not the call is authorized.

13.     Over the course of an extended period beginning in at least 2013, Defendants made mass solicitations to Plaintiff and other class members using an ATDS system in an effort to sell memberships to Gold's Gym health clubs.  In the process, Defendants made thousands of calls per day to the cellular telephones used by Plaintiff and other class members throughout the United States.

14.     For example, on September 23, 2013, at 6:42 p.m. Mountain Standard Time, Defendants placed an automatic call to Plaintiff's cellular telephone with the commercial purpose of offering him products or services sold by Defendants; namely, an offer to add a friend or family member to his Gold's Gym membership for $5.95 per month.

15.     The number from which the above-described call was made was from a telephone number owned or otherwise assigned to Defendants.

## V.     CLASS ACTION ALLEGATIONS

16.     This action satisfies the prerequisites for maintenance as a class action set forth in Fed.R.Civ.P. 23(a), as set forth below.

17.     *Class Definition.*  Plaintiff brings this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiff is a member:

> All persons in the United States and its Territories to whom Gold's Gym International, Inc., Fitness Alliance, LLC, or their affiliated companies or agents thereof made one or more non-emergency calls to cellular telephones used by such persons without their express consent to receive such calls.

Excluded from the Class are Defendants and any of their officers, directors or employees, Class counsel, the presiding judge, named plaintiffs in any substantially similar actions and members of their immediate families.  Plaintiff hereby reserves his right to amend the above class definition based on discovery and the proofs at trial.

18.     *Numerosity.*  The members of the Class are so numerous and geographically dispersed throughout the United States such that joinder of all members is impracticable. Plaintiff believes that there are at least several thousand persons in the Class.  The exact number and identity of Class members is unknown to Plaintiff at this time and can only be ascertained from information and records in the possession, custody or control of Defendants.

19.     *Commonality.*  There are questions of law or fact common to the Class including, *inter alia*, the following:

a.     Whether the calls described herein were placed by Defendants or by someone on acting on their behalf;

b.     Whether the telephone calls described herein were made using an ATDS;

c.     Whether Defendants maintain records of the express consent of Plaintiff or other Class members to receive the telephone calls described herein;

d.     Whether the above-described records, if any, constitute express consent with the meaning of the TCPA;

e.     Whether the telephone calls described herein are exempt from the provisions of the TCPA;

f.     The number of telephone calls made to Plaintiff and other Class members and the statutory measure of damages;

g.     Whether the conduct of Defendants alleged herein was knowing or willful within the meaning of the statute; and

h.     Whether Plaintiff and the members of the Class are entitled to the damages, equitable, injunctive and other relief sought herein.

20.     *Typicality.*   The claims of Plaintiff are typical of the claims of the Class alleged herein.   Plaintiff and other members of the Class are all persons to whom Gold's Gym or its affiliated companies or agents thereof made one or more non-emergency calls to cellular telephones used by them without their express consent.

21.     *Adequacy.*   Plaintiff will fairly and adequately protect the interests of the Class.     Plaintiff has retained counsel who are competent and experienced in the

prosecution of complex and class action litigation.  The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class.

22.    *Fed.R.Civ.P. 23(b)(2) Requirements.*    The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed.R.Civ.P. 23(b)(2) exist, as Defendants have acted or have refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

23.    Defendants' actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

24.    Defendants' alleged uniform common course of conduct make declaratory relief with respect to the Class as a whole appropriate.

25.    *Fed.R.Civ.P. 23(b)(3) Requirements.*  This case satisfies the prerequisites of Fed.R.Civ.P. 23(b)(3).    The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

26.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

27.    This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

## VI.    CAUSES OF ACTION

### COUNT I

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*)**

28.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

29.    At all times relevant, Plaintiff was a natural person residing in the State of Arizona.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(10).

30.    Defendants are, and at all times mentioned herein were "person(s)," as defined by 47 U.S.C. §153(10).

31.    Notwithstanding the fact that they did not give their express consent to be called, Defendants repeatedly made non-emergency telephone calls to the cellular telephones used by Plaintiff and other Class members.

32.    The calls made by Defendants to the cellular telephones used by Plaintiff and the Class were made using an "automatic telephone dialing system," or "ATDS," as defined by 47 U.S.C. §227(a)(1), as such messages were made by a machine with the capacity to store and produce random telephone numbers.

33.    Direct evidence of Defendants' use of an ATDS is within the sole possession of Defendants at this stage, and will therefore only come to light once discovery has been undertaken.  Nonetheless, a reasonable inference can be drawn that the call described herein was delivered by an ATDS based on the generic content of the call, the impersonal advertising content of the message delivered by Defendants who otherwise

had no reason to contact Plaintiff, and the existence of similar calls received by other Class members.

34.     The telephone number to which Defendants placed calls using an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

35.     The complained of calls had a commercial purposes and, thus, constituted calls not made for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

36.     Plaintiff did not provide his "express consent" allowing Defendants to place telephone calls to Plaintiff's and the Class' cellular phones or calls placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

37.     Defendants did not make telephone calls to Plaintiff's and the Class' cellular phones "for emergency purposes" as described in 47 U.S.C. §227(b)(1)(A).

38.     Defendants' placement of calls to Plaintiff's and the Class' cellular telephones were done using an "automatic telephone dialing system," for non-emergency purposes and, in the absence of Plaintiff's prior express consent, violated 47 U.S.C. §227(b)(1)(A).

39.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. §227, *et seq.*

40.     As a result of Defendants' negligent violations of 47 U.S.C. §227, *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. §227(b)(3)(B).

41.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future and to prevent any further such calls being placed to their cellular telephones.

42.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT II

### (Willful or Knowing Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*)

43.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

44.     At all times relevant, Plaintiff was a natural person residing in the State of Arizona.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(10).

45.     Defendants are, and at all times mentioned herein were "person(s)," as defined by 47 U.S.C. §153(10).

46.     Notwithstanding the fact that they did not give their express consent to be called, Defendants repeatedly made non-emergency telephone calls to the cellular telephones used by Plaintiff and other Class members.

47.     The calls made by Defendants to the cellular telephones used by Plaintiff and the Class were made using an "automatic telephone dialing system," or "ATDS," as defined by 47 U.S.C. §227(a)(1), as such messages were made by a machine with the capacity to store and produce random telephone numbers.

48.     Direct evidence of Defendants' use of an ATDS is within the sole possession of Defendants at this stage, and will therefore only come to light once discovery has been undertaken.  Nonetheless, a reasonable inference can be drawn that the calls described herein was delivered by an ATDS based on the generic content of the call, the impersonal advertising content of the message delivered Defendants who otherwise had no reason to contact Plaintiff, and the existence of similar calls received by other Class members.

49.     The telephone number to which Defendants placed calls using an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

50.     The complained of calls had a commercial purposes and, thus, constituted calls not made for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

51.     Plaintiff did not provide his "express consent" allowing Defendants to place telephone calls to Plaintiff's cellular phone or calls placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

52.     Defendants did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" as described in 47 U.S.C. §227(b)(1)(A).

53.     Defendants' placement of calls to Plaintiff's cellular telephone was done using an "automatic telephone dialing system," for non-emergency purposes and, in the absence of Plaintiff's prior express consent, violated 47 U.S.C. §227(b)(1)(A).

54.     The foregoing acts of Defendants were willful and knowing violations of the provisions of 47 U.S.C. §227, *et seq.*

55.     As a result of Defendants willful and knowing violations of 47 U.S.C. §227, *et seq.*, Plaintiff and Class members are entitled to an award of $1,500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. §227(b)(3)(B).

56.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

57.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for and order and judgment against Defendants as follows:

A.     Awarding Plaintiff and the Class statutory damages in the amount of $500.00 per violation of 47 U.S.C. §227(b)(1) and allowable interest thereon;

B.     Awarding Plaintiff and the Class statutory damages in the amount of $1,500.00 per willful or knowing violation of 47 U.S.C. §227(b)(1) and allowable interest thereon;

C.     Enjoining Defendants from further violating 47 U.S.C. §227(b)(1);

D.     Awarding Plaintiff and the Class their unreimbursed attorneys' fees, costs and expenses;

E.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed.R.Civ.P. 23(b)(2) and (b)(3), and certifying the Class defined herein;

F.      Designating Plaintiff as representative of the Class and his undersigned counsel as Class counsel; and

G.      Granting such other and further relief as the Court deems just.

## VIII.  JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


DATED:  November 20, 2013.

                                    JACKSON & ODEN, P.C.


                                    By:    */s/ Todd Jackson*
                                           Todd Jackson

                                    SWEETNAM LLC
                                    William M. Sweetnam
                                    *(pending admission pro hac vice)*

                                    Attorneys for Plaintiff Michael P. Huyge
                                    and the Proposed Class