STEVE BROWN & ASSOCIATES, LLC
1414 EAST INDIAN SCHOOL ROAD, SUITE 200
PHOENIX, ARIZONA 85014
(602) 264-9224

Steven J. Brown (#010792) sbrown@sjbrownlaw.com
Steven D. Nemecek (#015219) snemecek@sjbrownlaw.com
*Attorneys for Defendant Fitness Alliance, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael P. Huyge, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Gold's Gym Franchising, LLC and Fitness Alliance, LLC,<br><br>Defendants. | Case No. CV-13-02378-PHX-SRB<br><br>**FITNESS ALLIANCE, LLC'S JOINDER TO MOTION TO DISMISS ON BEHALF GOLD'S GYM FRANCHISING, LLC, OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS** |

Fitness Alliance, LLC ("Fitness Alliance") joins the motion to dismiss filed by co-defendant Gold's Gym Franchising, LLC ("GGF") and respectfully requests that the Court dismiss in its entirety the First Amended Class Action Complaint (the "Amended Complaint"). The arguments made by GGF in the motion are incorporated herein and joined by Fitness Alliance. The complaint should be dismissed as to Fitness Alliance pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Fitness Alliance requests judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT FACTS

The Amended Complaint should be dismissed because Plaintiff signed a Membership Agreement with Fitness Alliance in which he voluntarily provided his phone number to Fitness Alliance, which constitutes express consent for Fitness Alliance to call him, thereby relieving Fitness Alliance of any liability under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

The Membership Agreement is dated September 11, 2013, and is signed by Plaintiff (a true and correct copy of the Membership Agreement is attached to GGF's motion as Exhibit "A").[1] The Membership Agreement contains Plaintiff's phone number in two places, next to "Tel:" and next to "Work Tel:". Plaintiff provided the same phone number in each place.

Plaintiff alleges that, on September 23, 2011, approximately 12 days after he signed the Membership Agreement, he received a call on his cellular phone that contained the following prerecorded message from Fitness Alliance:

FOR A LIMITED TIME, YOU CAN ADD A FRIEND OR FAMILY MEMBER TO YOUR MEMBERSHIP FOR NO MONEY OUT-OF-POCKET AND MONTHLY DUES OF ONLY $5.95 MONTH-TO-MONTH! THIS INCREDIBLE OFFER ENDS MONDAY, SEPTEMBER 30TH. TAKE ADVANTAGE BEFORE TIME RUNS OUT!

Amended Complaint at Paragraphs 19-20.

That is the only call that Plaintiff alleges he personally received.

---

[1] As set forth in GGF's motion, because Plaintiff references the Membership Agreement in his Amended Complaint, the Court should consider the Membership Agreement in deciding the foregoing motions. See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (stating that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" and that "[s]uch consideration does 'not convert the motion to dismiss into a motion for summary judgment.'" (quoting Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991)).

## II. ARGUMENT

### A. Rule 12(b)(6) and Rule 12(c) standards

Under Federal Rule of Civil Procedure 8(a), "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." Id. (quoting Twombly, 550 U.S. at 557).

Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because such thin pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79. A motion to dismiss ought to be granted where a complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed. The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997). A court must accept as true all material allegations in the complaint. Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994). A court should grant a motion for judgment

on the pleadings when the moving party is entitled to judgment as a matter of law. Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999).

**B. The Amended Complaint Should Be Dismissed Because Plaintiff Gave Fitness Alliance His Express Consent By Providing His Cell Phone Number In The Membership Agreement.**

The Amended Complaint contains two counts, both premised on alleged violations of the TCPA. Accepting as true the allegations in his Amended Complaint, Plaintiff loses, because he cannot overcome the fact that he voluntarily gave his phone number to Fitness Alliance.

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system ["ATDS"]; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).[2]

"The TCPA allows autodialed and prerecorded message calls if the called party expressly consents to their use." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769 ¶ 29 (Oct. 16, 1992); see also 27 U.S.C. § 227(b)(1)(A). "[P]ersons who knowingly release their phone number have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." Id. at 8769 ¶ 31.

---

**2** The Court may properly consider the affirmative defense of express consent when deciding a motion to dismiss. E.g., Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013) (stating that affirmative defense may be considered where the defense is apparent from the face of the complaint); Aderhold v. Car2go N.A., LLC, 2014 WL 794802, at *3 (W.D. Wash. Feb. 27, 2014) (stating that express consent is an affirmative defense to a TCPA claim).

"[T]he authorities are almost unanimous that voluntarily furnishing a cell phone number to a vendor or other contractual counterparty constitutes express consent." Saunders v. NCO Fin. Sys., 910 F.Supp.2d 464, 467 (E.D.N.Y. 2012) (granting defendant's motion for summary judgment); see also Pinkard v. Wal-Mart Stores, Inc., 2012 WL 5511039, at *5 (N.D. Ala. Nov. 9, 2012) (stating that plaintiff's "providing her cellular telephone number to defendant was 'clear and unmistakable' consent to be contacted at that number" and "[t]o hold otherwise would contradict the overwhelming weight of social practice" and granting defendant's Rule 12(b)(6) motion and denying plaintiff's motion for leave to amend); Roberts v. PayPal, Inc., 2013 U.S. Dist. LEXIS 76319, ____ (N.D. Cal. May 30, 2013) (holding that consumer providing his cellular number while accessing the PayPal online payment website to make a payment constituted express consent to receiving texts inviting him to learn more about PayPal's mobile phone payment service); Aderhold v. Car2go N.A., LLC, 2014 WL 794802, at *8 (W.D. Wash. Feb. 27, 2014) (stating that "[e]ven if [defendant] had made no disclosures at all about the purposes for which it would use [plaintiff's] cellular number, it defies logic to contend that he did not consent to be contacted about his membership application" and that a plaintiff "at least consents to text messages 'closely related to the circumstances under which plaintiff provided his cell phone number,'" quoting Roberts, 2013 U.S. Dist. LEXIS 76319, at *13, and granting defendant's motion for judgment on the pleadings).

Here, Plaintiff voluntarily provided his cell phone number to Fitness Alliance (twice) in the Membership Agreement and thus as a matter of law expressly consented to be contacted by Fitness Alliance. The only call described in the First Amended Complaint allegedly came

from his contractual counterparty, Fitness Alliance, regarding the opportunity to add a friend or family member to his new membership. The alleged call described therefore was made under the circumstances and in the context of which Plaintiff voluntarily provided his phone number, i.e. obtaining a gym membership. Plaintiff's own factual allegations, which must be accepted as true for purposes of these motions, therefore provide a complete affirmative defense in favor of Fitness Alliance.

Plaintiff tries to sidestep the dispositive facts which entitle Fitness Alliance to a judgment in its favor by alleging that he did not express a desire to be called and that he was not aware that he might be called. See Amended Complaint at Paragraph 22. However, whether Plaintiff expressed a desire to be called or whether he was subjectively aware that he might be called is utterly irrelevant. Under the authorities cited above, providing a cell phone number alone constitutes prior express consent to be called on that cell phone.

Plaintiff's attempt to strain the scope of the TCPA to the phone call he claims he received is not consistent at all with the purposes and intents of the law itself, which have been thoroughly described by the Ninth Circuit and many other courts.

"The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of ATDs to communicate with others by telephone in a manner that would be an invasion of privacy." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009). "In construing the extent and contour of [the TCPA], courts consistently and properly look to the purpose and history of the statute" which targets the "proliferation of intrusive, nuisance calls." Ryabyschuck v. Citibank (S.D.) N.A., 2012 U.S. Dist. LEXIS 156176, at *5–6 (S.D. Cal. Oct. 30, 2012).

"[C]ourts should look to the surrounding circumstances in determining whether particular calls 'run afoul of the TCPA,' and in so doing, courts 'approach the problem with a measure of common sense.'" Emanuel v. Los Angeles Lakes, Inc., 2013 WL 1719035, at *3 (C.D. Cal. Apr. 18, 2013) (quoting Chesbro v. Best Buy Stores, 697 F.3d 1230, 1234 (9th Cir. 2012)). "'[C]ontext is indisbutably [sic] relevant to determining whether a particular call is actionable under the TCPA.'" Id. (quoting Ryabyschuck, 2012 U.S. Dist. LEXIS 156176, at *8–9 and granting defendant's Rule 12(b)(6) motion).

Plaintiff cannot seriously claim that his privacy was violated when he was called, at the very phone number he voluntarily provided, allegedly by the very party he was doing business with, for the purpose of asking if he would like to add a friend or family member to his membership. Absolutely no legislative purpose would be served by applying the TPCA to the Plaintiff under the circumstances and context he himself has described in his allegations.

## III. CONCLUSION

For the reasons stated in GGF's motion and herein, the complaint should be dismissed under Rule 12(b)(6) as to Fitness Alliance because it fails to state a claim upon which relief can be granted or alternatively Fitness Alliance should be granted a judgment on the pleadings pursuant to Rule 12(c).

DATED this 3rd day of April, 2014.

                    STEVE BROWN & ASSOCIATES, LLC

                    By:   /s/ Steven J. Brown
                         Steven J. Brown
                         1414 East Indian School, Suite 200
                         Phoenix, Arizona 85014
                         Attorneys for Defendant Fitness Alliance, LLC

**Certificate of Filing and Service**

I hereby certify that on April 3, 2014, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing. Pursuant to Section D(2-3) of the CM/ECF Manual, a Notice of Electronic Filing should be sent to the following:

Todd Jackson, Esq.
Rebecca Reed, Esq.
Jackson & Oden, P.C.
3573 East Sunrise Drive, Suite 125
Tucson, AZ 85718

William M. Sweetnam, Esq.
Sweetnam LLC
582 Oakwood Avenue, Suite 200
Lake Forest, IL 60045

*Attorneys for Plaintiffs*

Aaron C. Schepler, Esq.
Jeffrey H. Wolf, Esq.
Quarles & Brady LLP
Two North Central Avenue
Phoenix, AZ 85004-2391
*Attorneys for Defendant Gold's Gym Franchising, LLC*

By      /s/ Karen Flaaen