JACKSON & ODEN, P.C.
Todd Jackson (ASB No. 012202)
tjackson@boj-law.com
Rebecca Reed (ASB No. 023419)
rreed@boj-law.com
3573 East Sunrise Drive, Suite 125
Tucson, Arizona 85718
(520) 884-0024

SWEETNAM LLC
William M. Sweetnam (admitted *pro hac vice*)
wms@sweetnamllc.com
582 Oakwood Avenue, Suite 200
Lake Forest, Illinois 60045
(847) 559-9040

*Attorneys for Plaintiff Michael P. Huyge*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MICHAEL P. HUYGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLD'S GYM FRANCHISING LLC and FITNESS ALLIANCE, LLC,<br><br>Defendants. | Case No.: CV-13-02378-PHX-SRB<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO FITNESS ALLIANCE, LLC'S JOINDER TO MOTION TO DISMISS ON BEHALF OF GOLD'S GYM FRANCHISING, LLC, OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS (DKT #37)**<br><br>ORAL ARGUMENT REQUESTED |

**INTRODUCTION**

Defendant Fitness Alliance, LLC ("Fitness Alliance), has filed an eight-page "joinder" to Gold's Gym Franchising LLC's ("Gold's Gym") Motion to Dismiss.[1] To the extent that its arguments are duplicative or similar to those made in the Motion to Dismiss, pursuant to LRCiv 7.1(d)(2), Plaintiff hereby incorporates by reference his Memorandum of Law in Opposition to Motion to Dismiss on Behalf of Gold's Gym Franchising, LLC (Dkt #44).

Fitness Alliance's motion for judgment on the pleadings should be denied because (1) it is premature, (2) it is based on its subjective belief that the calls it made were not intrusive, and (3) because it incorrectly relies on the preexisting business relationship exception available only in junk fax cases.

**ARGUMENT**

**A.　Fitness Alliance's Motion for Judgment on the Pleadings Is Premature, as a Rule 12(c) Motion May Only be Brought "After the Pleadings are Closed."**

As Fitness Alliance itself acknowledges, a motion for judgment on the pleadings is allowed only "*after the pleadings are closed*." Br. at 3 (emphasis added) (citing Fed. R.

---

[1] Fitness Alliance's "Joinder" is improper to the extent that it goes beyond merely expressing an intent to join in Gold' Gym's motion and contains additional substantive arguments. Rather, a joinder to a motion ought to state only that the party is joining another's motion and must not contain further or additional substantive argument. *See, e.g., Liveops, Inc. v. Teleo, Inc.*, 2006 WL 83058 at n.2 (N.D. Cal. January 9, 2006) (striking substantive portion of defendant's "joinder" in another defendant's motion to dismiss finding that it was "not a true joinder in motion," as it contained additional substantive arguments).

Civ. P. 12(c) ("*After the pleadings are closed*—but early enough not to delay trial—a party may move for judgment on the pleadings.") (emphasis added). Thus, "'a Rule 12(c) motion must await the answers of all defendants.'" *Press Rentals Inc. v. Genesis Fluid Solutions Ltd.,* 2012 WL 3791449 (N.D. Cal. Aug. 31, 2012) (quoting *Moran v. Peralta Community College District,* 825 F.Supp. 891, 894 (N.D.Cal.1993); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed.2012 supp.) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.").

Because Gold's Gym has not filed an answer to Plaintiff's Complaint, the pleadings are not yet closed. Accordingly, Fitness Alliance's motion for judgment on the pleadings should be denied as premature.

**B.      Fitness Alliance's Subjective Beliefs About the Intrusiveness of Its Robocalls Is Not Relevant to Plaintiff's Claim.**

Fitness Alliance maintains that allowing Plaintiff's TCPA claim to proceed would not further the stated goal of the TCPA which, it says, is to "'prohibit the use of ATDs to communicate with others by telephone in a manner that would be an invasion of privacy,'" and stopping the "'proliferation of intrusive, nuisance calls.'" Br. at 6 (quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) and *Ryabyshchuk v. Citibank (South Dakota) NA,* 2012 WL 5379143, *2 (S.D. Cal. Oct. 30, 2012), respectively). Obviously, ought not be dismissed simply because *Fitness Alliance* believes that the untold number of robocalls it placed to Plaintiff and other class members were not intrusive. *See*

Br. at 7 ("Plaintiff cannot seriously claim that his privacy was violated . . . ."). Even assuming that such subjectivities were an appropriate basis on which to grant a motion to dismiss, which they are not, an invasion of privacy is not required to state a claim under Section 227(b) of the TCPA. *See Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)) (the elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent), *cert. denied*, 133 S. Ct. 2361, 185 L. Ed. 2d 1068 (U.S. 2013).

### C. Fitness Alliance's Claimed Preexisting Business Relationship with Plaintiff Is Not a Defense to His Section 227(b) Claim.

Fitness Alliance attempts to avail itself of the established business relationship exception that applies to junk fax claims under 47 U.S.C. § 227 (b)(1)(C)(i), which Plaintiff does not assert. See Br. at 7 ("Plaintiff cannot seriously claim that his privacy was violated when he was called . . . by the very party he was *doing business with* . . . .") (emphasis added). To be sure, the Junk Fax Prevention Act of 2005 amended the TCPA explicitly to create an "established business relationship" exception to the TCPA's prohibition on unsolicited *facsimile advertisements* codified in Section 227(b)(1)(C)(i). *See id.* (It shall be unlawful . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone *facsimile machine*, an unsolicited advertisement, unless . . . the unsolicited advertisement is from a sender with an established business relationship with the recipient . . . .") (emphasis added).

However, an established business relationship has never been an exception to ATDS calls placed to cellular telephones; any such calls require the express consent of the

called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (it is "unlawful for any person within the United States–(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .").

## CONCLUSION

For all of the foregoing reasons, the reasons set forth in Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss on Behalf of Gold's Gym Franchising, LLC and for any other reasons that may appear to the Court, Gold's Gym's Motion to Dismiss and Fitness Alliance's Motion for Judgment on the Pleadings should be denied. In the event the Court grant's either or both motions, Plaintiff hereby requests leave to replead.

Dated this 30th day of April, 2014.        Respectfully submitted,

                                                        SWEETNAM LLC

                                               By:    s/ William M. Sweetnam

                                               JACKSON & ODEN, P.C.
                                               Todd Jackson

                                               *Attorneys for Plaintiff Michael P. Huyge*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on April 30, 2014, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing. Pursuant to Section D(2-3) of the CM/ECF Manual, a Notice of Electronic Filing should be sent to the following:

> Jeffrey H. Wolf
> Aaron C. Schepler
> Quarles & Brady LLP
> Two North Central Avenue
> Phoenix, Arizona  85004
>
> *Attorneys for Defendant Gold's Gym Franchising LLC*
>
> Steven J. Brown
> Steven D. Nemecek
> STEVE BROWN & ASSOCIATES, LLC
> 1414 East Indian School Road, Suite 200
> Phoenix, Arizona  85014
>
> *Attorneys for Defendant Fitness Alliance, LLC*

By:     s/ William M. Sweetnam