**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael P. Huyge, | No. CV-13-02378-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Gold's Gym Franchising, LLC and Fitness Alliance, LLC, | |
| Defendants. | |

At issue are the Motion to Dismiss on Behalf of Gold's Gym Franchising, LLC ("MTD") (Doc. 33) and Fitness Alliance, LLC's Joinder to Motion to Dismiss on Behalf Gold's Gym Franchising, LLC, or in the Alternative Motion for Judgment on the Pleadings ("MJOP") (Doc. 37).

I.    **BACKGROUND**

Plaintiff brings this class action lawsuit against Defendants Gold's Gym Franchising, LLC ("GGF") and Fitness Alliance, LLC ("Fitness Alliance"), alleging that Defendants engaged in automatic telephone dialing to his and others' cellphones without their consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). (Doc. 25, First Am. Class Action Compl. ("FAC") ¶¶ 1-2.) Specifically, Plaintiff alleges that on September 23, 2013, after he signed a Membership Agreement with Fitness Alliance (an entity that licenses Gold's Gym's name and trademarks), he received a phone call from Fitness Alliance with a prerecorded gym

1     membership advertisement. (*Id.* ¶¶ 18-23.)[1] Plaintiff brings two causes of action under

2     the TCPA. (*Id.* ¶¶ 38-69.) Defendant GGF moves to dismiss the FAC because Plaintiff

3     provided "prior express consent" for the automated telephone call. (MTD at 7-9.)

4     Defendant Fitness Alliance joins GGF's Motion to Dismiss, and in the alternative, files a

5     Motion for Judgment on the Pleadings. (MJOP at 1.)

6     **II.     LEGAL STANDARDS AND ANALYSIS**

7         **A.     Standard of Review**

8         Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the

9     lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal

10    claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), *cert. denied*,

11    *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012). In determining whether an asserted claim

12    can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the

13    pleadings are construed in the light most favorable to the nonmoving party." *Bates v.*

14    *Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012). "[A] well-

15    pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

16    facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v.*

17    *Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

18    (1974)). However, "for a complaint to survive a motion to dismiss, the nonconclusory

19    'factual content,' and reasonable inferences from that content, must be plausibly

20    suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d

21    962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other

22    words, the complaint must contain enough factual content "to raise a reasonable

23    expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

24         **B.     Express Consent**

25         Defendant GGF argues that Plaintiff gave his express consent to be contacted by

26    Fitness Alliance by providing his phone number on the Membership Agreement, and

27

28         [1] The Court takes judicial notice of the Membership Agreement because Plaintiff specifically refers to the Agreement in the FAC and its authenticity is not at issue. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001); (FAC ¶ 22.)

consequently, there is no basis for his TCPA claim. (MTD at 7-9.)[2] A TCPA claim includes three elements: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). While the TCPA does not define "express consent," the Federal Communications Commission ("FCC") has stated that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Baird v. Sabre Inc.*, No. CV 13-999 SVW, 2014 WL 320205, at *2 (C.D. Cal. Jan. 28, 2014) (quoting *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("1992 FCC Order"), 7 F.C.C.R. 8752, 8769 (1992)). "'[E]xpress consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n.1 (9th Cir. 2011).[3]

Defendant GGF argues that the weight of authority requires only that a person provide their phone number in the course of a business transaction to expressly consent to be contacted. (MTD at 7-9); *see, e.g.*, *Baird*, 2014 WL 320205, at *6 (concluding that after plaintiff voluntarily provided her cell phone number to an airline, she "consented to be contacted on her cellphone about flight-related matters"); *Roberts v. PayPal, Inc.*, No.

---

[2] Plaintiff argues that "it has not . . . been established that Plaintiff provided his cell phone number to either Defendant." (Doc. 44, Pl.'s Memorandum of Law in Opp'n to MTD ("Resp. to MTD") at 6.) Plaintiff's argument is both disingenuous and illogical. He alleged that he signed the Membership Agreement, and his signature appears on the same page as his address, credit card information, and phone number. (FAC ¶ 22; *see* Membership Agreement at 1.) He also does not submit any alternative theory for how his number appeared on the Agreement. (*See* Resp. to MTD at 5-7.)

[3] "[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Here, because Plaintiff's FAC indicates that he provided his number on the Membership Agreement, the defense is "obvious on the face of a complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (quoting *United States v. McGee*, 993 F.2d 184, 187 (9th Cir.1993)); (*see* FAC ¶ 22; Membership Agreement at 1.)

C 12-0622 PJH, 2013 WL 2384242, at *4 (N.D. Cal. May 30, 2013) ("[T]he court finds that plaintiff consented to receive text messages from [defendant] simply by providing his cell phone number."); *Pinkard v. Wal-Mart Stores, Inc.*, No. 3:12-CV-02902-CLS, 2012 WL 5511039, at *6 (N.D. Ala. Nov. 9, 2012) ("'Prior express consent' to receive a call is given when the 'called party' voluntarily proffer[ed] her telephone number to the calling party."); *see also Saunders v. NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012) ("[T]he authorities are almost unanimous that voluntarily furnishing a cellphone number to a vendor or other contractual counterparty constitutes express consent."). One of these cases, *Van Patten v. Vertical Fitness Grp., LLC*, No. 12CV1614-LAB MDD, 2014 WL 2116602, at *3-9 (S.D. Cal. May 20, 2014)—decided while the parties were briefing this Motion to Dismiss—is persuasive, and the Court adopts its reasoning here. In *Van Patten*, the plaintiff joined a gym and provided his phone number on the membership agreement, receiving a text message from the gym several years later. *Id.* at *1-2. Considering the 1992 FCC Order and recent case law, the *Van Patten* court concluded that plaintiff "consented to receiv[e] the texts at issue when he provided his phone number upon joining the gym." *Id.* at *9. First, the court found that the definition of "express consent" posited in the FCC's 1992 Order required only the voluntary release of phone numbers to prove express consent. *Id.* at *4.[4] Second, the court discussed a

---

[4] As noted in *Van Patten*, the FCC reversed course in a 2012 rulemaking decision, finding that express consent must be

> sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("2012 FCC Order"), 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted); *Van Patten*, 2014 WL 2116602, at *4. Although this definition might otherwise be dispositive here, the FCC's decision was "prospective" and came into effect on October 16, 2013, which is several weeks after the phone call alleged here. *See Van Patten*, 2014 WL 2116602, at *4; (FAC ¶ 22.) Thus, the 2012 FCC Order carries no weight in this case. *See also Pinkard*, 2012 WL 5511039, at *4 ("[E]xpress written consent will not be required until October 16, 2013.").

1    litany of other cases that relied on the FCC's interpretation of express consent, ultimately

2    concluding that "[t]he [c]ourt is bound by the 1992 FCC Order interpreting 'prior express

3    consent,' and the case[]law from this and other districts is unquestionably on the side of

4    [defendant]." *Id.* at *9.

5         Plaintiff primarily argues that express consent required that he affirmatively assent

6    to be contacted or receive explicit notice. (*See* Resp. to MTD at 8-12.) On that basis,

7    Plaintiff attempts to distinguish the cases provided by Defendant GGF, and cites to other

8    cases in which courts have required an affirmative agreement or disclaimer to establish

9    express consent. (*Id.* at 10-12.) The Court finds that Plaintiff's attempts to distinguish

10   cases following the 1992 FCC Order (including *Pinkard*, *Baird*, and *Roberts*) are

11   unavailing. He argues that unlike those cases, the Membership Agreement here did not

12   include specific language indicating that he agreed to be contacted. (Resp. to MTD at 8-

13   10.) But Plaintiff does not discuss the significance of that language in the courts'

14   reasoning and that distinction does not appear to be dispositive in those cases. *See Baird*,

15   2014 WL 320205, at *7; *Pinkard*, 2012 WL 5511039, at *6; *see also Aderhold v. Car2go*

16   *N.A., LLC*, C13-489RAJ, 2014 WL 794802, at *7, 9 (W.D. Wash. Feb. 27, 2014).

17        Among the cases that have narrowed the definition of express consent, is one

18   Ninth Circuit Court of Appeals decision—*Satterfield v. Simon & Schuster*, 569 F.3d 946

19   (9th Cir. 2009)—in which the court  defined express consent as "'[c]onsent that is clear

20   and unmistakably stated.'" *Id.* at 955 (quoting Black's Law Dictionary 323 (8th ed. 2004)

21   (alteration in original)); (*see* Resp. to MTD at 10-12.)[5] However, the case is not

22

23        [5] Plaintiff also proffers several district court cases that have narrowed the
24   definition of express consent to mean "direct[], clear[], and unmistakabl[e]" assent to be
     called. *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1239 (S.D. Fla.
     2013); (Resp. to MTD at 10-12.) These cases do not constitute the majority view of
25   express consent, nor is the Court bound by them. However, each of those cases relied
     upon common usage definitions of "express consent," instead of the 1992 FCC Order
26   definition. *See Mais*, 944 F. Supp. 2d at 1238 ("Because the TCPA does not define the
     term 'prior express consent,' the Court looks to the common usage of those words to
27   discern their meaning."); *see also Lusskin v. Seminole Comedy, Inc.*, No. 12-62173-CIV,
     2013 WL 3147339, at *3 (S.D. Fla. June 19, 2013). This Court again chooses to follow
28   *Van Patten*, in which the court was "inclined to follow the many other cases that treat the
     FCC Orders as binding" instead. *Van Patten*, 2014 WL 2116602, at *6.

applicable here because the court addressed express consent in an entirely different context than that of the present case. In *Satterfield*, the plaintiff provided her phone number and consented to receive communications from "Nextones affiliates and brands." *Id.* at 949. Plaintiff later received a text message from Simon & Schuster, an unaffiliated third party. *Id.* at 949, 955. While the court concluded that plaintiff did not consent to receive messages from Simon & Schuster, it found that plaintiff did provide express consent "to receiv[e] promotional material from Nextones or their affiliates and brands." *Id.* at 955. Finally, other district courts in the Ninth Circuit have recognized the limited applicability of *Satterfield* to the situation here:

> While the [*Satterfield*] court mentioned the dictionary definition of "express consent" in support of its conclusion that a person's consent to receive calls from one business does not constitute consent to receive calls from a different business, the issue of whether the mere act of providing a cellphone number constitutes "express consent" did not arise in *Satterfield*.

*Baird*, 2014 WL 320205, at *3; *see also Van Patten*, 2014 WL 2116602, at *7 ("*Satterfield* has less traction where, as in this case, the party being sued is essentially the very party to whom the phone number was given."). In summary, the Court finds that Plaintiff gave his express consent to be contacted by providing his cellphone number on the Membership Agreement, and is therefore unable to state a claim under the TCPA.

**III.    CONCLUSION**

The Court finds that Plaintiff gave his express consent to be contacted after he provided his cellphone number on the Membership Agreement, and therefore, has failed to state a claim under the TCPA.

**IT IS ORDERED** granting Motion to Dismiss on Behalf of Gold's Gym Franchising, LLC (Doc. 33).

**IT IS FURTHER ORDERED** granting Fitness Alliance, LLC's Joinder to Motion to Dismiss on Behalf Gold's Gym Franchising, LLC (Doc. 37).

/ / /

/ / /

1

2      **IT IS FURTHER ORDERED** denying as moot Fitness Alliance, LLC's

3   Alternative Motion for Judgment on the Pleadings (Doc. 37).

4

5                                      Dated this 3rd day of July, 2014.

6

7

8

9                                      _____

10                                     Susan R. Bolton
                                       United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28